IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL RAY HARRIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-032 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner MICHAEL RAY HARRIS has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 320th District Court of Potter County, Texas for aggravated robbery and the resulting seventeen-year sentence. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DISMISSED.

I.
PETITIONER'S ALLEGATIONS

Petitioner contends respondent is holding him in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was incompetent to stand trial and was denied examination by an expert.

2. Petitioner received ineffective assistance of counsel.

II.
## THE STATUTE OF LIMITATIONS IN FEDERAL HABEAS CORPUS PROCEEDINGS

A habeas corpus petitioner must establish the conviction he challenges in federal habeas corpus has been final for no longer than one year. 28 U.S.C. § 2244(d)(1)(A). A state conviction becomes final under this statute when there is no more "availability of direct appeal to the state courts." *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009). In a case, such as the one at bar, where the defendant pleads guilty and does not directly appeal the judgment, the conviction is final for federal habeas corpus purposes thirty days after the defendant is sentenced. *Rodriguez v. Thaler*, 664 F.3d 952, 954 (5th Cir. 2012).

In this case, petitioner indicates he was convicted on March 12, 2010. His conviction became final thirty days later, on April 11, 2010. *See id.* Petitioner indicates that on July 11, 2011, he filed his state habeas corpus application. According to petitioner, that application was denied on August 16, 2011, although the online database of the Court of Criminal Appeals indicates the application was actually denied on September 28, 2011. Petitioner then, on February 3, 2012, filed the instant federal habeas corpus petition.[1]

Pursuant to federal statute, petitioner's federal habeas corpus petition was due on April 11, 2011, which was one year after his state conviction became final. 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file his federal petition, however, until February 3, 2012, almost one year after the deadline had passed. Even though petitioner filed a state habeas corpus application, he did not file that application until after the federal deadline had already passed. Therefore, the state action had no tolling effect on the federal habeas corpus time line. *See* 28 U.S.C. § 2244(d)(2).

---

[1] Petitioner did not date his petition. The Court therefore relies upon the February 3, 2012 postmark on the envelope in which the petition was sent.

The Court has considered alternative scenarios in which the petition could be considered timely filed. If there were a different date on which the federal habeas corpus clock started, such as in one of the circumstances presented in section 2244(d)(1)(B) through (D), then the petition may not be time barred. Based on the facts presented to the Court, however, it appears section 2244(d)(1)(A) is the most appropriate section under which to analyze this case. Under that section, as recited above, the petition is time barred. Also, in limited circumstances, the Court is able to altogether avoid the mandates of section 2244(d) by equitably tolling the one-year time period. *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). However, there appear to be no exceptional circumstances in this case warranting equitable tolling. Consequently, the habeas corpus petition should be dismissed as time barred. *See* 28 U.S.C. § 2244(d)(1)(A).

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MICHAEL RAY HARRIS be DISMISSED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of February, 2012.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. Petitioner. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. Petitioner. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. Petitioner. 72(b)(2); *see also* Fed. R. Civ. Petitioner. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).